```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER PIERCE,**

                **Petitioner,**

        v.                                 **CASE NO. 19-3201-SAC**

**SHANNON MEYER,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se.

### Nature of the Petition

Petitioner challenges his 1993 conviction for aggravated robbery and kidnapping. The form pleading he submits is left almost entirely blank. The sole ground for relief appears as Ground Four and reads "FULLY ENFORCEABLE" (Doc. 1, p. 9). Attachments to the petition allege that two state district judges are "engaging in a cover up of [petitioner's] case" and show that petitioner filed an original habeas corpus action in the Kansas Supreme Court.[1]

### Discussion

A state prisoner seeking habeas corpus relief must exhaust available state court remedies before proceeding in federal court. *See* 28 U.S.C. § 2254(b)(1) and *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). This requirement "is designed to give the state

---

[1] A review of on-line records maintained for the Kansas appellate courts shows that the petition is pending under Case No. 121659. *See* http://tpka-pitss.kscourts.org.

courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because petitioner has a pending action in the Kansas Supreme Court, the Court notes that he has not yet exhausted available state court remedies.

In addition, because this matter is a successive petition for habeas corpus[2], the Court has no jurisdiction to consider it until petitioner obtains prior authorization from the U.S. Court of Appeals for the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A)(requiring a petitioner presenting a successive petition for habeas corpus relief to obtain prior authorization from the appropriate federal court of appeals).

Where, as here, a petitioner presents a successive petition without the prior authorization required by statute, the district court may consider whether the matter should be transferred to the court of appeals under 28 U.S.C. § 1631, rather than dismissed, if the transfer would be in the interest of justice. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Because it is apparent that petitioner has not exhausted state court remedies, the Court concludes that transfer is not appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction. No certificate of appealability will issue.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied for lack of jurisdiction.

---

[2] *See Pierce v. Nelson*, 16 Fed. Appx. 979 (10th Cir. 2001)(affirming denial of consolidated habeas corpus actions).

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2019, at Topeka, Kansas.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge